# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-2016

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Thomas G. Hedges, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: November 7, 2011
Filed: November 8, 2011

———————

Before LOKEN, BYE, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Pursuant to a written plea agreement that included an appeal waiver, Thomas Hedges pleaded guilty to possession of 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). The district court[1] sentenced him to consecutive prison terms of 120 months on the drug charge and 60 months on the firearm charge, the statutory minimum sentences. On appeal, Hedges's counsel moved to withdraw and filed a brief under Anders v.

—————————————

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

California, 386 U.S. 738 (1967). Counsel also moved to unseal certain district court documents for use in this appeal. Hedges has not filed a pro se supplemental brief.

As the Anders brief acknowledges, (i) we may not consider the issue of ineffective assistance of trial counsel because neither the argument nor the record is adequately developed for review on direct appeal, see United States v. McAdory, 501 F.3d 868, 872 (8th Cir. 2007); and (ii) Hedges's objection to the mandatory consecutive five-year sentence for his section 924(c) conviction because he received a ten-year sentence on the related drug charge is precluded by the Supreme Court's recent decision in Abbott v. United States, 131 S. Ct. 18, 23 (2010).

The remaining arguments raised on appeal are within the scope of the appeal waiver. We enforce the appeal waiver because the record establishes that Hedges knowingly and voluntarily entered into both the plea agreement and the appeal waiver, and enforcing the waiver would not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc).

We have reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), and find no nonfrivolous issues. Accordingly, we affirm. We grant counsel's motion to withdraw and deny the motion to unseal documents.

_____